Nasser Abujbarah  #026182
The Law Office of Nasser U. Abujbarah
10654 North 32nd Street
Phoenix, AS 85028
Telephone (602) 493-2586
NUALegal@yahoo.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA, PHOENIX DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 2:09-bk-20214 CGC |
| | ) | |
| TIADORS Y. ZAIA and | ) | |
| HANNA ZAIA, | ) | Chapter 11 Proceedings |
| | ) | |
|     Debtors. | ) | DEBTORS' OBJECTION TO MOVANT'S |
| _____ | ) | MOTION TO LIFT THE AUTOMATIC |
| BANK UNITED, FSB | ) | BANKRUPTCY STAY |
| | ) | |
|     Movant, | ) | Re: Real Property  Located at |
| | ) | 1533 E Villa Maria Drive |
| TIADORS Y ZAIA and | ) | hoenix AZ 85022 |
| HANNA ZAIA, Debtors | ) | |
| Office of the US Trustee | ) | |
| | ) | |
| _____ | ) | |

    TO THE HONORABLE CHARLES G. CASE II, UNITED STATES BANKRUPTCY JUDGE, THE SECURED CREDITOR, SECURED CREDITOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:

    Debtors, TIADORS Y. ZAIA and HANNA ZAIA (hereinafter referred to as "Debtors")by and through counsel undersigned, Nasser U. Abujbarah, objects to BANK UNITED FSB (hereinafter referred to as "Movant") Motion to Lift the Automatic Bankruptcy Stay.

1

This Court, as a court of equity, must first determine whether or not Movant has standing to lift the automatic stay this bankruptcy. If the Movant is not the true holder in due course, the Movant would not suffer any injury and would not be a party of interest in the matter---- no standing.

Moreover, Debtors have complied with the prescribed rules of a Chapter 11 and therefore, at this time Movant may not claim lack of adequate protection.

This objection is more particularly based on the Memorandum of Points and Authorities attached hereto and made a part herein by this reference.

RESPECTFULLY submitted this date: November 16, 2009.

/s/ *Nasser U. Abujbarah*
The Law Office of Nasser U. Abujbarah
10654 North 32nd Street
Phoenix, AZ 85028
Attorney for Debtors.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF FACTS:**

1. Debtors have file a voluntary petition for protection under Chapter 11of the Bankruptcy Code.

2. Debtors have an interest in certain real property located in Maricopa County, Arizona.

3. Debtors did not enter into a contract with Movant as Exhibit A evidences; but with Washington Mutual Bank by way of a Deed of Trust. There is o documents, supporting evidence that Movant is an assignee of Washington Mutual Bank or that Movant has made an acquisition of Washington Mutual Bank. (The Court should take judicial notice that "Chase JP Morgan" has in fact acquired the holdings of Washington Mutual Bank)'

4. Without the prescribe documentation as prescribed in 12 U. S. C. §2605, Debtors upon information and belief, believes that Movant is not the true holder in due course.

5. Movant holds forth that the debt is in default and has accelerated; therefore debt is not subject to 11 U.S.C. §1322 as to the principle residence. Moreover in U.S.C §506 only an oversecured creditor is entitled to attorneys fees and costs. (**See** Senate Report No. 95-989 at the end of §506.

6. Movant has not complied with Local Rule 4001-1(b).

## II. ARGUMENT:

1. Standing:

It is most unlikely that BANK UNITED has standing as holder in due course. This Court should require the Movant to produce the prescribed documentation of 12 U.S. C.§2605.

2. Amount claimed in motion:

Debtors have not set forth a plan yet as prescribed by the Bankruptcy Code pursuant to Chapter 11. If Movant is the true holder in due course, then as such, Movant is subject to *United Savings Association of Texas v. Timbers of Inwood Forest Associates Ltd.,* 108 S.Ct. 626, 484 U.S. 365, 98L. Ed 2d 740. This case addresses the argument of lack of adequate protection of an interest in proper conjunctively "or" with the second element of the two prong test:

    (A) the debtor does not have an equity in such property; **and**

    (B) such property is not necessary to an effective reorganization.

Thus, the argument is that equity may be substantiate by the fact that the periodic payments made by trustee results in a decrease in the value os such entity's interest in the property. Moreover, the alleged secured creditor still holds the lien to said property.

*Timbers,* also sets out the preposition that the property is necessary to an effective

reorganization:

> See §363(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect.

RESPECTFULLY submitted this date:   November 16, 2009.

/s/ *Nasser U. Abujbarah*
The Law Office of Nasser U. Abujbarah
10654 North 32nd Street
Phoenix, AZ 85028
Attorney for Debtors.